# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER, | CASE NO. 1:07-cv-01416-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS BE DENIED |
| v. | |
| CDC WARDEN AND STAFF et.al., | (Docs. 7, 15, 16, 17, 18, 19, 20, 21, 22 and 23) |
| Defendants. | |
| / | |

Plaintiff Ernest Miller ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 11, 2007, plaintiff filed a document entitled "Motion to Lodge that Prisoner in 'Pro-Se' is Being Mistreated by Misconduct of Mail and Food for filing a 1983 42 U.S.C". (Doc. 7). Plaintiff does not state in his motion what, relief, if any, he seeks.

On January 11, 2008, plaintiff filed a motion entitled "Motion to Lodge Due to Prisoner being a Christian C-D-C staff Denied Him to get his Christmas yearly package and all his coming mail as well poison his food tray for Christmas by food poisoning". (Doc. 15). Again, plaintiff does not state what relief he seeks.

On January 28, 2008, plaintiff filed a motion requesting access to the prison law library. (Doc. 16). Plaintiff also filed a "motion to be lodged", in which plaintiff alleges that Correctional Officers are tampering with his mail and packages. (Doc. 17).

On February 19, 2008, plaintiff filed a "motion to be lodged" alleging racial discrimination.

1

1  (Doc. 18).

2  On March 26, 2008, plaintiff filed a motion requesting a transfer. Plaintiff states that prison
3  staff are tampering/sneezing/coughing on his food trays. (Doc. 19).

4  On March 31, 2008, plaintiff filed a "motion to be lodged" (Doc. 20). Plaintiff advises that
5  he is being forced to take a cellmate, who plaintiff fears will burn or hurt him, like his last cellmate.

6  On April 7, 2008, plaintiff filed a motion complaining about parole day funds. (Doc. 21).
7  Plaintiff requests that the court award him "a thousand dollars of his parolee funds to parole with."

8  On April 21, 2008 plaintiff filed a motion alleging misconduct by unnamed correctional
9  officers. (Doc. 22).

10 On April 28, 2008, plaintiff filed a motion alleging that he is being unlawfully detained in
11 retaliation for filing a civil action. (Doc. 23).

12 In many of plaintiff's motions, plaintiff fails to state the relief he seeks. To the extent that
13 plaintiff's motions may be construed as motions for injunctive relief, the purpose of a preliminary
14 injunction is to preserve the status quo if the balance of equities so heavily favors the moving party
15 that justice requires the court to intervene to secure the positions until the merits of the action are
16 ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary
17 injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success
18 and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of
19 hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir.
20 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable
21 injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the
22 merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the
23 merits, or questions serious enough to require litigation." Id.

24 Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
25 have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
26 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
27 State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
28 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has

no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In an order issued May 30, 2008, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983. Thus, at this point in time, there is no case or controversy before the court, and the court has no jurisdiction to issue any preliminary injunctions. Until and unless the court finds that plaintiff has stated cognizable claims for relief under section 1983 and the defendants against whom the claims are stated have been served and made an appearance in this action, the court will not have jurisdiction to issue any orders awarding the relief plaintiff seeks.

With respect to his latest motion alleging that he remains incarcerated despite being eligible for parole, plaintiff is advised that when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motions, filed October 11, 2007, January 11, 2008, January 28, 2008, February 19, 2008, March 26, 2008, March 31, 2008, April 7, 2008, April 21, 2008, and April 28, 2008 be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

1 **days** after being served with these Findings and Recommendations, plaintiff may file written
2 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
3 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
4 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
5 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   Dated:   **June 5, 2008**              /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE