# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER JR, | CASE NO. 1:07-cv-01416-LJO DLB PC |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | (Doc. 27) |
| A.K. SCRIBNER et al., | |
| Defendants. | TWENTY (20) DAY DEADLINE |

Plaintiff Ernest Miller ("Plaintiff"), Inmate No. T-97203, is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed an amended complaint on June 9, 2008. (Doc. 27).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). However, as a preliminary matter, before the Court will screen plaintiff's amended complaint, it is necessary that his amended complaint reflect the actual number of lawsuits he has brought while a prisoner.

Plaintiff signed his amended complaint under penalty of perjury. While plaintiff answered "yes" to the question of whether he had filed any other lawsuits while a prisoner, his response to the question "how many" was "1 # one", which he identifies as Miller v. Roche et al., cv-00947 RRB-GGH.[1]  However, the Court notes that on the very same day plaintiff filed his amended complaint, he also filed a document entitled, "Motion to Be Lodged", in which he mentions his "court cases",

---

[1] The Court takes judicial notice of Miller v. High Desert State Prison et al, Case No.2:06-cv-00947-JAM-GGH PC, filed by plaintiff on April 17, 2006.

1

and refers to Case No. "cv-00234 OWW SMS PC"[2]. (Doc. 26).  This action is not listed on plaintiff's amended complaint.

Further, court records, of which the undersigned takes judicial notice, indicate that at the time plaintiff filed his amended complaint, he had previously filed at least seventeen (17) cases in the United States District Court, Eastern District of California alone.

Plaintiff has failed to truthfully declare the actual number of cases he has filed prior to filing this action.  His failure to provide information about his previous lawsuits interferes with the Court's efforts to conserve judicial resources by preventing vexatious litigation.  See Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir.1995).

It may be that plaintiff has failed altogether to identify truthfully the number of previous cases he has brought, and the disposition thereof, because of the bar to proceeding in forma pauperis in a civil action or on an appeal as a prisoner if a civil action or appeal he/she has brought, while incarcerated, on three or more prior occasions has been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted (absent a showing of imminent danger of serious physical injury). See 28 U.S.C. § 1915(g).

Accordingly, it is HEREBY ORDERED that within twenty (20) days of service of this order, plaintiff must show cause why this court should not impose the sanction of dismissal pursuant to Fed. R. Civ. P. 11(c)(1) for violation of Fed. R. Civ. P. 11(b), for plaintiff's failure to declare truthfully the number of cases he had filed prior to filing his amended complaint.  See Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir.1994) (per curiam) (holding that a pro se, in forma pauperis prisoner's misrepresentation about his previous litigation may violate Rule 11).

Failure to respond timely to this order will result in a recommendation of dismissal of this action.

IT IS SO ORDERED.

Dated:   **October 9, 2008**              /s/ **Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE

---

[2] The Court takes judicial notice of Miller v. California State Prison et al., Case No.1:08-cv-00234 OWW SMS PC, filed by plaintiff on February 15, 2008.