# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER,<br><br>        Plaintiff,<br><br>    v.<br><br>A.K. SCRIBNER, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-01416-LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 31)<br><br>OBJECTION DUE WITHIN FIFTEEN DAYS |

      Plaintiff Ernest Miller ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on September 17, 2007, and transferred to his District from the Northern District of California on September 27, 2008.

      On August 22, 2008, Plaintiff filed a motion for preliminary injunctive relief. Plaintiff requests that the Court advance him $1000.00 so that he may purchase stamps, reading glasses, writing paper, envelopes and prison appliances (radio, television, etc). Plaintiff states that all his legal property has been confiscated.

      The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air

1

1  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must
2  demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the
3  plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must
4  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
5  Id.

6  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
7  have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
8  S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
9  State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
10 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has
11 no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has
12 personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not*
13 attempt to determine the rights of persons not before the court." Zepeda v. United States
14 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

15 In this instance, the events at issue in this action arose while plaintiff was incarcerated at the
16 California Substance Abuse and Treatment Facility ("CSATF"). (Docs. 27.) Plaintiff is currently
17 housed at High Desert State Prison and the orders sought are aimed at remedying his current
18 conditions of confinement at that prison. The court does not jurisdiction in this action to issue the
19 orders sought, as the case or controversy requirement cannot be met in light of the fact that the issues
20 plaintiff seeks to remedy in his motions bear no relation to the past events at CSATF giving rise to
21 this suit.

22 Further, the expenditure of public funds on behalf of an indigent litigant is proper only when
23 authorized by Congress. See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted).

24 Plaintiff's motion is entirely without merit. Therefore, the court HEREBY RECOMMENDS
25 that plaintiff's motion for preliminary injunctive relief, filed August 22, 2008 be DENIED. These
26 Findings and Recommendations will be submitted to the United States District Judge assigned to the
27 case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being
28 served with these Findings and Recommendations, plaintiff may file written objections with the

1  court.  The document should be captioned "Objections to Magistrate Judge's Findings and
2  Recommendations."  Plaintiff is advised that failure to file objections within the specified time may
3  waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

       IT IS SO ORDERED.

       **Dated:   December 17, 2008**              **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE