# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER,<br><br>        Plaintiff,<br><br>    v.<br><br>A.K. SCRIBNER, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-01416-LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR ORDER MANDATING RETURN OF LEGAL PROPERTY BE DENIED<br><br>(Doc. 26)<br><br>FIFTEEN DAY DEADLINE |

      Plaintiff Ernest Miller ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 9, 2008, Plaintiff filed a motion asking the undersigned to issue an order mandating the return of his legal property. (Doc. 26). On August 1, 2008, Plaintiff filed a notice of change of address to High Desert State Prison. (Doc. 29). In accordance with the Court's general practice, the motion is treated as one seeking a preliminary injunction.

      Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not*

attempt to determine the rights of persons not before the court." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

This action involves Plaintiff's Eighth Amendment claim arising from his allegation of inadequate medical treatment following an inmate attack at California Substance Abuse and Treatment Facility.[1] (Doc. 27). The Court does not have jurisdiction in this action to issue the order sought by Plaintiff, as the case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation to the event giving rise to this suit.

Further, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. <u>Nelson v. Heiss</u>, 271 F.3d 891, 897 (9th Cir. 2001); <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368 (9th Cir. 1995); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991).

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion, filed June 9, 2008, be DENIED. These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 17, 2008**           /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] In a Findings and Recommendations issued separately, this Court recommended that this action proceed only against defendant Ortize for violation of the Eighth Amendment.