# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER,<br><br>         Plaintiff,<br><br>    v.<br><br>A.K. SCRIBNER et al.,<br><br>         Defendants.<br>_____/ | CASE NO. 1:07-cv-01416-LJO DLB PC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Docs. 27 and 34)<br><br>FINDINGS AND RECOMMENDATIONS FOLLOWING SCREENING OF AMENDED COMPLAINT<br><br>(Doc. 27) |

**Order Discharging Order to Show Cause**

Plaintiff Ernest Miller ("Plaintiff"), Inmate No. T-97203, is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed an amended complaint on June 9, 2008. (Doc. 27).

On October 10, 2008, the Court issued an order to show cause why this court should not impose the sanction of dismissal pursuant to Fed. R. Civ. P. 11(c)(1) for violation of Fed. R. Civ. P. 11(b), for plaintiff's failure to declare truthfully the number of cases he had filed prior to filing his amended complaint on June 9, 2008.

In response, Plaintiff filed a document entitled, "Motion to be Lodged" on October 21, 2008, stating that the print on the complaint form was too small for him to read, and that he was without his reading glasses. (Doc. 34). Plaintiff has attached to his response an order issued by Magistrate Judge Hollows issued in Miller v. High Desert State Prison et al., Case No. CIV S-06-947 JAM

1

GGH P, directing defendants in that case to respond to plaintiff's allegation that he was denied his property, including his reading glasses. (Doc. 34, Exh. A). Defendants in that case assert that Plaintiff was issued his personal property on July 11, 2008. Because Plaintiff's amended complaint was filed on June 9, 2008, the Court shall discharge the order to show cause, filed October 10, 2008.

**Findings and Recommendations Following Screening of Amended Complaint**

**I.    Screening Requirement**

Plaintiff Ernest Miller ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 17, 2007. On September 27, 2007, this case was transferred from the North District of California. On May 30, 2008 this Court dismissed plaintiff's complaint with leave to file an amended complaint. (Doc. 24). Plaintiff filed an amended complaint on June 9, 2008. (Doc. 27).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

(9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Summary of Plaintiff's Amended Complaint**

Plaintiff is currently housed at High Desert State Prison in Susanville, California. The events giving rise to this action allegedly occurred at the Substance Abuse Treatment Facility at Corcoran. Plaintiff names Warden A. K. Scribner, Warden Darren Adams, Acting Captain P. Mendes, CCII B. Kibler, CCI M. Fisher and Tower Guard Officer Oritze as defendants. Plaintiff seeks money damages.

Plaintiff alleges that on March 24, 2005, he attended an ICC Classification Committee meeting. Plaintiff states that defendants Mendes, Kibler, and Fisher were present for defendants Adams and Scribner, and forced plaintiff to either take a cellmate or be placed in Administrative Segregation for discipline. Plaintiff states that he agreed to a cellmate under duress, and alleges that on April 9, 2005, his cellmate threw boiling water on him and attempted to kill him, in retaliation for filing a section 1983 civil rights action in 2003. Plaintiff states that he attempted to go to the shower afterwards, but that defendant Ortize failed to treat his injury. Plaintiff alleges a violation of the Eighth Amendment.

Plaintiff alleges that he was previously assaulted by a cellmate when he was incarcerated at Lancaster State Prison.

A.    Plaintiff's Claim Against Defendant Ortize

Plaintiff alleges that after the April 9, 2005 incident he attempted to receive treatment for his injuries. Plaintiff states that defendant Ortize failed to treat plaintiff's condition, which resulted in significant pain and injury.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059

3

(9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Id. (citing McGuckin at 1060 (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff states a cognizable claim under section 1983 against defendant Ortize for violation of the Eighth Amendment.

### B.    Plaintiff's Claims Against Defendants Mendes, Kibler, and Fisher

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994).  To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety.  Farmer, 511 U.S. at 834.  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety."  Id. at 837.

Plaintiff has not alleged any facts which would support a claim that defendants Mendes, Kibler or Fisher "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ."  Farmer,

511 U.S. at 837. "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Plaintiff fails to state a cognizable claim against defendants Mendes, Kibler and Fisher.

   C. Claims Against Defendants Scribner and Adams

  Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

  Plaintiff alleges that defendants Mendes, Kibler and Fisher were present at the ICC meeting for defendants Scribner and Adams, and alleges that all defendants "personally participated in the deprivation of constitutional rights by force...and failed to act to prevent them". (Doc. 27, Amended Complaint, p.3, Section V). However, Plaintiff has not alleged any facts to support a claim that defendants Adams and Scribner personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Plaintiff fails to state a cognizable

claim against defendants Scribner and Adams.

>   D.   Equal Protection

Plaintiff also alleges that defendants acted with intentional discrimination. "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Plaintiff has not alleged that he is a member of a protected class, and his amended complaint does not set forth facts supporting a claim that defendants intentionally discriminated against him. Accordingly, plaintiff fails to state a claim for relief under the Fourteenth Amendment for violation of the Equal Protection Clause.

>   E.   Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

In the present case, plaintiff alleges that his cellmate retaliated against him for filing a section 1983 civil rights action. Plaintiff does not allege that his cellmate is a state actor. Plaintiff fails to

state a cognizable retaliation claim.

### F.  Incident at Lancaster State Prison

Plaintiff states that he was previously assaulted by a cellmate at Lancaster State Prison. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

"A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (internal quotations omitted).  F..R.C.P.18(a).

Plaintiff has not alleged that the incident occurring at Lancaster State Prison is related to the incident at C.S.A.T.F, or that the earlier incident involved the defendants named in this suit, all of whom work at C.S.A.T.F.  If plaintiff wishes to pursue a claim for relief based on the incident at Lancaster, he must file a separate action.

### III.  Conclusion

The court finds that plaintiff's allegations give rise to a cognizable claim for relief under

section 1983 against defendant Ortize for violation of the Eighth Amendment. However, the court finds that plaintiff's allegations do not give rise to any claims for relief against defendants Scribner, Adams, Mendes, Kibler or Fisher. The court previously provided plaintiff with the opportunity to file an amended complaint, but plaintiff still fails to state a claim for relief as against these defendants. The court therefore recommends that plaintiff not be given further leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed only against defendant Ortize for violation of the Eighth Amendment; and

2. Defendants Scribner, Adams, Mendes, Kibler and Fisher be dismissed with prejudice from this action for plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 17, 2008**                    **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE