# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER,<br><br>         Plaintiff,<br><br>    v.<br><br>CDC WARDEN AND STAFF, et al.,<br><br>         Defendants.<br>_____/ | CASE NO. 1:07-cv-01416-LJO DLB PC<br><br>ORDER DENYING MOTION/OBJECTION CONSTRUED AS MOTION FOR RECONSIDERATION<br><br>(Doc. 30) |

I.   Order

   A.   Procedural History

Plaintiff Ernest Miller("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed June 9, 2008 against defendant Ortize for violation of the Eighth Amendment.

On June 6, 2008, the Magistrate Judge issued a Findings and Recommendations, recommending that Plaintiff's motions, filed October 11, 2007, January 11, 28, 2008, February 19, 2008, March 26, 31, 2008, and April 7, 21 and 28, 2008 be denied. Plaintiff did not file an objection to the Findings and Recommendations, and on July 28, 2008, the undersigned issued an Order adopting the Findings and Recommendations in full.

On August 13, 2008, plaintiff filed an objection to the denial of his motions. (Doc. 30.) There is no provision for an objection to an order and the court therefore construes the objection,

1

titled "Motion to be Lodged", as a motion for reconsideration of the court's July 28, 2008 order.

B.        Motion for Reconsideration

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-6 (9th Cir. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), en banc. To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

In his motion, Plaintiff states that on May 12, 2008 he was placed in the hospital suicide ward and all his property was taken. Plaintiff states that he was then placed in Ad-Seg lock-up on May 22, 2008, and was denied his legal property, writing paper, envelopes, and law library access. Plaintiff states that he was then transferred to High Desert State Prison on June 24, 2008.[1]  (Doc. 30).

Assuming for the sake of argument that Plaintiff was unable to timely file an objection to the Findings and Recommendations, Plaintiff has not now set forth any new facts or law in his instant

---

[1] Plaintiff's motion is unverified and not supported by any evidence.

2

motion/objection that would justify reconsideration of the Court's order. Plaintiff's general objection to the Court's order shows nothing more than disagreement with the Court's ruling. As there are no grounds to support Plaintiff's motion, plaintiff's motion for reconsideration is HEREBY DENIED.

IT IS SO ORDERED.

Dated:    February 5, 2009                    /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE