# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER, | CASE NO. 1:07-cv-01416 LJO DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| CDC WARDEN AND STAFF, | |
| Defendants. | (Doc. 57) |
| | OBJECTIONS DUE IN TWENTY (20) DAYS |

**Findings and Recommendations Following Screening of Amended Complaint Filed May 11, 2009**

**A.     Background**

Plaintiff Ernest Miller ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983.

Plaintiff filed this action on September 27, 2007. (Doc. 1.) Plaintiff's original complaint was dismissed by order filed May 30, 2008, with leave to amend, for failure to state a claim. (Doc. 24.) Plaintiff filed a first amended complaint on June 9, 2008. (Doc. 27.) On December 18, 2008, the Court issued a findings and recommendations following the screening of Plaintiff's first amended complaint, recommending, *inter alia*, and that defendants Scribner, Adams, Mendes, Kibler and Fisher be dismissed from the action for Plaintiff's failure to state a claim against them. (Doc. 41.) On February 5, 2009, the Court issued an order adopting the findings and recommendations. (Doc. 53.)

On May 11, 2009, Plaintiff filed a document titled "Notice of a Belated Third Amended

1

Complaint".[1] (Doc. 57.) Because Plaintiff has not previously amended as a matter of course and defendants have not yet appeared in this action, the operative pleading in this action is the amended complaint filed on May 11, 2009, which is now subject to the Court's screening below. Fed. R. Civ. P. 15(a).

**B.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

**C.   Plaintiff's Claims**

Plaintiff is currently housed at High Desert State Prison. The events at issue alleged occurred at California Substance Abuse Treatment Facility. Plaintiff names Acting Captain P. Mendes, Counselor B. Kibler and Counselor M. Fisher as defendants. Plaintiff alleges that defendants Mendes, Kibler and Fisher knowingly and intentionally caused Plaintiff to be assaulted and

---

[1] Plaintiff has not filed a Second Amended Complaint in this action.

physically abused. It appears that Plaintiff is alleging that defendants failed to protect Plaintiff from abuse. Plaintiff also alleges that his personal property was destroyed in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

### 1.     Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer at 847; Hearns at 1040.

Liberally construing Plaintiff's amended complaint, it appears that Plaintiff is alleging that defendants failed to protect him from harm, and that he was assaulted, burned, and physically abused as a result. However, Plaintiff's bare allegation that defendants knew of and intentionally created some risk of harm, without any factual specificity as to what risk existed, and how the defendants knew of and disregarded that risk, is insufficient to state a claim. Plaintiff fails to state a cognizable claim for failure to protect, in violation of the Eighth Amendment.

### 2.     Equal Protection Clause

Plaintiff identifies himself as African American and states that defendants, whom he describes as "Latin-skinhead officers", destroyed his property. Plaintiff alleges a violation of the Equal Protection Clause of the Fourteenth Amendment.

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon

membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Plaintiff's amended complaint does not set forth facts supporting a claim that defendants intentionally discriminated against him based on race. Plaintiff has not alleged any facts showing that defendants acted with an intent or purpose to discriminate against the Plaintiff based upon membership in a protected class. Accordingly, Plaintiff fails to state a claim for relief under for violation of the Equal Protection Clause.

**D.   Conclusion and Recommendation**

Plaintiff fails to state a cognizable claim against any of the named defendants. The Court notes that Plaintiff has previously been provided with the applicable legal standards, and has now twice amended his pleading. (Docs. 24, 41.)   However, Plaintiff has not stated a claim upon which relief may be granted in the operative pleading. Therefore, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice and without leave to amend, for failure to state a claim.[2]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 21, 2009**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] "Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).

4